159 N.J. Super. 593 (1978)
388 A.2d 1014
TOWNSHIP OF WILLINGBORO, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
MOBIL OIL CORPORATION, A NEW YORK CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 1, 1978.
Decided May 18, 1978.
Before Judges MICHELS, PRESSLER and BILDER.
*594 Mr. Myron H. Gottlieb argued the cause for appellant (Messrs. Kessler, Tutek and Gottlieb, attorneys).
Mr. S. David Brandt argued the cause for respondent (Messrs. Brandt, Haughey, Penberthy and Lewis, attorneys).
The opinion of the court was delivered by BILDER, J.S.C. (temporarily assigned).
This is an appeal by the Township of Willingboro from an order denying an application for the appointment of condemnation commissioners and by necessary inference determining that the Township is without authority to take the subject lands by condemnation.
Willingboro has no paid fire department. It depends for its fire protection upon a volunteer fire company, Willingboro Fire Company No. 1, with which it contracts on an annual basis pursuant to N.J.S.A. 40A:14-68. In the instant litigation the township seeks to condemn property owned by respondent Mobil Oil Corporation for the purpose of constructing a firehouse, which when completed will be used by the volunteer fire company under the annual contract  presumably rent-free as a payment in kind for the fire protection services to be rendered.
Respondent contends the proposed taking is an attempted exercise of the power of eminent domain for a private purpose and as such is unlawful. While conceding that a firehouse ordinarily services a public purpose,[1] it views the instant proposed use as private in nature because the arrangement between the township and the fire company does not fall four-square within the legislative scheme. It is respondent's position that since the parties are operating under a contract authorized by N.J.S.A. 40A:14-68, the township's "firehouse" support is limited to the right granted *595 by N.J.S.A. 40A:14-69 to convey lands for a nominal consideration upon which the fire company may construct a firehouse. In support of this construction it notes that the power to provide for a firehouse is specifically authorized by N.J.S.A. 40A:14-70 et seq., an alternative statutory plan for volunteer fire company protection. Thus, it is contended, the failure to make similar provisions under the scheme authorized by N.J.S.A. 40A:14-68 et seq. and the limitation of N.J.S.A. 40A:14-69 bespeak a legislative interdiction of Willingboro's proposal.
Respondent construes the legislative intent too narrowly. The use of a lease arrangement as a vehicle for providing a firehouse for a volunteer company has received legislative sanction. N.J.S.A. 40A:12-14(c) authorizes a municipality to lease a capital improvement to a nonprofit corporation for a public purpose and N.J.S.A. 40A:12-15(a) goes so far as to specify "the provision of fire protection * * * by an association duly incorporated for such purposes" as a public purpose. Such an arrangement has also received judicial approval, at least by way of dictum. See Schwartz v. Stockton, 32 N.J. 141, 152-153 (1960).
The construction of a firehouse by this municipality for its own fire protection is clearly a public purpose for which it has the right to condemn property. See "A Survey of New Jersey Eminent Domain Law, 30 Rutg. L. Rev. 1111, 1119-1125 (1978). Neither public purpose nor the right to condemn is affected by the method selected by the municipality to man that station.
We note that Willingboro is a community of some 45,000 residents. Adequate fire protection is a vital need. It has thus far chosen to meet this need by reliance upon a volunteer fire company. This is a matter of judgment well within the discretion of the governing body. With respect to the new firehouse, it has chosen to meet this need by constructing the building itself and making it available to the volunteers. This again is within the proper discretion of the governing body. Indeed, it may be looked upon as a *596 particularly prudent exercise of that discretion because by building and owning the firehouse, the town retains the option to man the station with paid firemen if at some later date such an election becomes desirable. By N.J.S.A. 40A:12-14(c) and N.J.S.A. 40A:12-15 the Legislature has shown its approval of the proposed lease plan.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] N.J.S.A. 40A:14-8 expressly authorizes the construction of a firehouse for a paid fire department.